Robert B. Carey (SBN 011186)
John M. DeStefano (SBN 025440)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email:  rob@hbsslaw.com
Email:  johnd@hbsslaw.com

Evan S. Goldstein (SBN 011866)
**GOLDSTEIN WOODS**
706 E Bell Rd., Ste. 200
Phoenix, AZ  85022
Telephone:  602.569.8200
Email: egoldstein@gwfirmaz.com

*Attorneys for Plaintiff*

*[Additional counsel on signature page]*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Taylor Doyle, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Pekin Insurance Company,<br><br>Defendant. | Case No. 2:22-cv-00638-JJT<br><br>**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF THE SETTLEMENT CLASS**<br><br>(Assigned to Honorable John J. Tuchi) |

## I.    INTRODUCTION

Nothing has changed since the Court preliminarily approved this Settlement. The Settlement Agreement remains fair, reasonable, and adequate. The $12,450,000 cash payment provides a significant recovery for the Class, representing approximately 143% of the benefits of the total Class damages, a significant recovery for a case for 94 Class members. Put simply, Class Members receive more than they would have under their original contracts without breach. *See* ECF No. 107 at 1. Under the standard methods used to assess fairness, this recovery fares even better: It is approximately three times the risk-adjusted expected value of these claims—achieved without any burden on Class Members who were unaware such claims existed. Even after reducing the recovery by the amount of fees Class Counsel requested, the Class will receive over 100% of the benefits they would have received had their claims been adjusted under the proper policy limits, ECF No. 102 at 15, and over double what their claims are "worth" in a risk-adjusted sense.

Consequently, the Settlement was well-received by the Class Members. Direct notice to the Class was extremely successful, with 100% of the 94 Class Members receiving notice. No Class Member filed an opposition. And no Class Member opted out. Every member of the Class has chosen to stay and benefit from the Settlement.

Because nothing has changed since preliminary approval and the Class reception has been overwhelmingly positive, the Court should grant final approval.

## II.    THE SETTLEMENT SHOULD BE APPROVED

### A.    Notice under Rule 23 has been satisfied.

This Court previously approved the proposed notice plan as meeting the requirements of Rule 23. ECF No. 103 ¶ 6. In compliance with that plan, Epiq, the Settlement Administrator, posted copies of the Settlement Agreement and the Preliminary Approval Order, as well as the Notice and Motion for Preliminary Approval to the settlement website on June 13, 2025. Declaration of Lucas Q. Meyer Regarding Implementation of Notice and Settlement Administration ("Meyer Decl.") ¶ 16 (attached

as Exhibit A). Epiq also posted FAQs to the settlement website. *Id.* A copy of Plaintiff's Motion for Attorneys' Fees, Expenses, and Service Awards was posted to the settlement website on July 17, 2025. *Id.* ¶ 17.

As directed by this Court, Epiq began sending notice of the Settlement to the Class starting June 13, 2025. *Id.* ¶ 13. Epiq successfully mailed notice to all 94 Class Members, and as of August 27, 2025, there are no notices known to be undeliverable, or a 100% deliverable rate. *Id.* ¶ 15. In other words, 100% of the Class Members have received direct notice by mail in the form approved by this Court. *Id.* The total cost of notice to the Class was $19,000, with an additional $63,450 to be spent by Epiq on resolving any Medicare liens. *Id.* ¶ 21.

No Class Members requested to be excluded and no Class Members have filed an objection to the Settlement. *Id.* ¶¶ 19-20.

**B.    The Settlement is fair, reasonable, and adequate.**

In granting final approval of a proposed class action settlement, the Court must determine whether the settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). "To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: "(1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement." *Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 830 (N.D. Cal. 2017) (quoting *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004)). Plaintiff addressed the first six factors in their Motion for Preliminary Approval and incorporate those arguments by reference. *See* ECF No. 102. Because the Court found those factors weighed in favor of preliminary approval and nothing has changed, Plaintiff will not repeat them here. ECF No. 103. The two factors the Court did not consider at preliminary approval—the presence of a governmental

participant and the reaction of the Class—also weigh in favor of granting final approval of the Settlement.

### 1. The presence of a government participant.

There is no governmental participant in this case. Defendant provided CAFA notice of the proposed Settlement to the Attorney General of the United States and the Arizona Department of Insurance and Financial Institutions as required and neither government entity has raised an objection. *See* Meyers Decl. ¶ 5, Attachment 1, CAFA Decl. "The lack of objections favors settlement." *Knapp*, 283 F. Supp. 3d at 833.

### 2. Reaction of the Class Members.

The reaction of the Class has been overwhelmingly positive and weighs in favor of approval. Not a single Class Member has opted out or filed an objection.

First, that 100% of the Class stayed and accepted the Settlement provides an "objective positive commentary as to its fairness" and weighs in favor of approval. *Knapp*, 283 F.Supp.3d at 834 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998)). Second, that *no* Class Members have objected "raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members" and weighs in favor of final approval. *Id.* at 833–34; *see also J.L. v. Cuccinelli*, No. 18-CV-04914-NC, 2019 WL 6911973, at *3 (N.D. Cal. Dec. 18, 2019) (no objections to the settlement weigh in favor of final approval). The Class Members' overall reaction to the Settlement supports approval.

## C. Final Payment of the Settlement

Because Plaintiff is required to verify whether the Class Members have any Medicare liens, and pay those liens before making any final payment, Plaintiff requests that the Court time final payment off the resolution of those liens. More specifically, Plaintiff requests that the Court order Epiq to make all final payments within thirty days of the resolution of all Medicare liens.

1

### III.    CONCLUSION

2

Plaintiff requests that this Court enter an order granting final approval of the

3

Settlement.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR FINAL APPROVAL

Dated: August 29, 2025

Respectfully submitted by,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: *s/ Robert B. Carey*
    Robert B. Carey
    John M. DeStefano

GOLDSTEIN WOODS
    Evan S. Goldstein

GUIDANT LAW PLC
    Sam Saks

*Attorneys for Plaintiff*

5