**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taylor Doyle, | No. CV-22-00638-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Pekin Insurance Company, | |
| Defendant. | |

Before the Court are Plaintiff and Class Representative Taylor Doyle's Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class (Doc. 108, "Motion") and Motion for Attorneys' Fees, Expenses and Service Award (Doc. 107). The Court held a Final Approval Hearing under Federal Rule of Civil Procedure 23(e)(2) on September 11, 2025. (Doc. 109.) Upon review of these Motions, the pleadings, other papers on file in this action, and the statements of counsel and the parties, including at the Fairness Hearing, the Court hereby finds that the Settlement and Plan of Allocation should be approved. Accordingly, the Court enters this Order of Final Approval.

**IT IS THEREFORE ORDERED** granting Plaintiff's Motion for Final Approval of Class Action Settlement and Certification of the Settlement Class (Doc. 108) and Motion for Attorneys' Fees, Expenses and Service Award (Doc. 107).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, the "Action") and over the parties to the Settlement Agreement, including all members of the Certified Class and Defendant.

2. For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreement (Doc. 102-1). The Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement, and finds that said settlement, including the Settlement Fund in the amount of $12,450,000, is fair, reasonable, and adequate to the Settlement Class under Rule 23 of the Federal Rules of Civil Procedure.

3. The following "Certified Class" was previously certified (Doc. 103) pursuant to Rule 23 of the Federal Rules of Civil Procedure:
> All persons identified in Exhibit A to the Settlement Agreement and who do not timely elect to be excluded from the Settlement Class, which roughly includes all persons (a) insured under a policy issued by Defendant in Arizona that contained the UM Endorsement or UIM Endorsement and provided UM Coverage or UIM Coverage for more than one motor vehicle; (b) who made a claim for UM Coverage or UIM Coverage during the Class Period; and (c) who (i) received a claim payment equal to the limit of liability for UM or UIM benefits for one vehicle; or (ii) who were one of multiple claimants in a claim related to a single incidence, where the aggregate total paid on the claim was equal to the per incident limit of liability for the UM Coverage or UIM Coverage for one vehicle.

4. The Class period cutoff date is November 4, 2024.

5. Pursuant to Federal Rule of Civil Procedure 23(g), the Court previously appointed Hagens Berman Sobol Shapiro, LLP as Class Counsel, and the named Plaintiff, Taylor Doyle, as the Class Representative on behalf of the Certified Class. (Doc. 103.)

6. Plaintiff's notice of the Class Settlement to the Certified Class was the best notice practicable under the circumstances. The notice satisfied due process and provided

adequate information to the Certified Class of all matters relating to the Class Settlement and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

7. As of August 27, 2025, no member of the Certified Class has requested exclusion from the Certified Class.

8. No objections were filed regarding the Class Settlement.

9. The Court finds that Plaintiff's proposed Plan of Allocation, proposing to pay Settlement Class members as set forth in Plaintiff's Preliminary Approval Motion (Doc. 102, Motion at 13–14), is fair, reasonable, and adequate. *Noll v. eBay, Inc.*, 309 F.R.D. 593, 601, 607 (N.D. Cal. 2015). The Plan of Allocation does not unfairly favor any Class member, or group of Class members, to the detriment of others.

10. The Court awards to Class Counsel, attorneys' fees in the amount of $3,735,000 and expenses in the amount of $18,886.74.

11. The Court approves the payment of all the settlement administrator's reasonable and necessary administrative costs.

12. The Court awards to Class Representative:

    a. An incentive award to Taylor Doyle in the amount of $7,500.

13. The Court orders Plaintiff, through the Settlement Administrator, to make all final disbursements to the Class no later than 30 days after the resolution of all Medicare liens.

14. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over:

    a. implementation of this settlement and any distribution to members of the Class pursuant to further orders of this Court;

    b. disposition of the Settlement Fund;

    c. determining attorneys' fees, costs, expenses, and interest;

    d. the Action until Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement;

    e. hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and

    f. all parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by or executed in connection with the Agreement.

  15. The Court finds, pursuant to Rules 54(a) of the Federal Rules of Civil Procedure, that Final Judgment of Dismissal with prejudice as to the Defendant ("Judgment") should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgment, as Final Judgment, in accordance with the Settlement Agreement.

  **IT IS FURTHER ORDERED** directing the Clerk of Court to enter final judgment stating that, pursuant to this Order at the Document number to be filled in by the Clerk of Court, "Judgment is hereby entered in accordance with the Court's Order dated September 11, 2025 (Doc. __). This action is dismissed with prejudice." The Clerk of Court shall also close this case.

  Dated this 11th day of September, 2025.

                Honorable John J. Tuchi
                United States District Judge